TIMOTHY COURCHAINE
United States Attorney
District of Arizona
MONICA E. RYAN
Assistant U.S. Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone:  520-620-7300
Email: monica.ryan@usdoj.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

United States of America,

Plaintiff,

v.

Tomas Hernandez Rosales,

Defendant.

CR23-07813-TUC-JGZ (EJM)

GOVERNMENT'S
SENTENCING MEMORANDUM

Now comes the United States of America, by and through its attorneys undersigned, and submits the following regarding the above-captioned defendant's sentencing:

1.      The matter is set for sentencing on December 5, 2025.

2.      On Wednesday, October 11, 2024, the defendant, a Mexican citizen and U.S. Border Crossing visa holder, was stopped while driving eastbound on 1-10 near Tucson by an Arizona Department of Public Safety ("DPS") trooper for traffic violations.  After the trooper issued a warning/repair order for dark window tint and a cracked windshield, the defendant consented to a search of his truck.  Troopers searched the truck and discovered packages hidden inside the doors.  In total, troopers recovered four rifles with four large-capacity magazines, one firearm stock, and two firearm hand grips that had been wrapped in plastic wrap and duct taped inside the front door panels of the defendant's truck.  When the troopers found the firearms, they contacted ATF.

3.     On November 6, 2024, a Tucson federal grand jury returned a two-count indictment against the defendant, alleging: Attempted Smuggling of Goods from the United States, in violation of 18 U.S.C. §§ 554(a) and 2 (Count 1); and Possession of Firearms by Non-Immigrant Alien, in violation of 18 U.S.C. §§ 922(g)(5)(B) and 924(a)(8).   On September 22, 2025, the defendant pled guilty to Count 2 pursuant to a written plea agreement.  The government will move to dismiss Count 1 at the time of sentencing.

5.     The government has reviewed the Probation Department's PSR and has no additions or corrections to the factual statements or criminal history calculations.  The Probation Department correctly concludes that the defendant's guideline sentencing range is 30 to 37 months, based on a total offense level of 19 and criminal history category of I.  The plea agreement includes a stipulation between the parties that any prison sentence shall not exceed 30 months.  The Probation Department recommends a sentence of 24 months imprisonment, followed by two years of supervised release.

6.     18 U.S.C. § 3553(a)(1) states that when imposing a sentence, a court shall consider "the nature and circumstances of the offense and the history and characteristics of the defendant."  The sentence imposed shall reflect the seriousness of the offense, provide just punishment, afford adequate deterrence to further criminal conduct, and protect the public from further crimes of the defendant.  18 U.S.C. § 3553(a)(2).  The sentence imposed shall consider "the need to avoid unwarranted sentence disparities among defendants with similar records, who have been found guilty of similar conduct."  18 U.S.C. §3553(a)(6).

7.     As detailed in the PSR and the defendant's sentencing memo (Doc. 43) and letters of support the defendant has submitted to the Court, the defendant accepted responsibility for possessing firearms in violation of federal law and has expressed remorse.  The government is mindful of the defendant's role in supporting his family as detailed in the materials submitted to the Court, which demonstrate both the financial and emotional support the defendant provides to his family in Mexico.  In aggravation, the firearms with large capacity magazines the defendant was transporting pose a significant danger to the

community, regardless of whether the firearms were destined for Tucson or for Mexico. Further, as a Border Crossing visa holder, the defendant was specifically prohibited from possessing firearms. The government concurs with 24-month sentence recommended by Probation Department (a variance below the bottom of the defendant's guideline range), as it appropriately considers the mitigating factors outlined in defendant's sentencing memo and summarized in the PSR.

8.    Accordingly, pursuant to the 18 U.S.C. § 3553(a) factors, the government respectfully requests the Court accept the parties' plea agreement and sentence the defendant to a term of 24 months imprisonment, to be followed by two years of supervised release, as recommended by the Probation Department.

Respectfully submitted this 1st day of December, 2025.

TIMOTHY COURCHAINE
United States Attorney

/s/ Monica E. Ryan

MONICA E. RYAN
Assistant United States Attorney

Copy of the foregoing served electronically
or by other means this 1st day of December, 2025, to:

All ECF Participants

3